# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHEUSETTS

| | |
|---|---|
| KURT SCHLAGEL, Derivatively on Behalf of LOGMEIN, INC., <br><br> Plaintiff, <br><br> v. <br><br> WILLIAM R. WAGNER, MICHAEL K. SIMON, SARA C. ANDREWS, EDWIN J. GILLIS, DAVID J. HENSHALL, MICHAEL J. CHRISTENSON, STEVEN J. BENSON, ITA BRENNAN, ROBERT M. CALDERONI, and PETER J. SACRIPANTI, <br><br> Defendants, <br><br> and <br><br> LOGMEIN, INC., <br><br> Nominal Defendant. | Case No.: 19-cv-10204 <br><br><br><br><br> **STIPULATION TO STAY ACTION** |

Plaintiff Kurt Schlagel ("Plaintiff"), derivatively and on behalf of LogMeIn, Inc. ("LogMeIn"), and defendants William R. Wagner, Michael K. Simon, Sara C. Andrews, Edwin J. Gillis, David J. Henshall, Michael J. Christenson, Steven J. Benson, Ita Brennan, Robert M. Calderoni, Peter J. Sacripanti; and LogMeIn, Inc. ("Defendants") (collectively, the "Parties") jointly submit this Stipulation to temporarily stay the Derivative Action ("Stipulation"), and in support thereof state as follows:

**WHEREAS**, Plaintiff filed the above-captioned in the right, and for the benefit, of LogMeIn against Defendants seeking to remedy Defendants' alleged breach of fiduciary duties, gross mismanagement and unjust enrichment that allegedly occurred and caused substantial harm to LogMeIn (the "Derivative Litigation");

**WHEREAS**, pending in the United States District Court for the District of Massachusetts (the "Federal Court") is a putative securities class actions captioned *Benjamin Wasson v. LogMeIn, Inc., et al.*, Case No.: 1:18-cv-12330 (the "Securities Litigation");

**WHEREAS**, there is substantial overlap between the facts and circumstances alleged in the Derivative Litigation and the Securities Litigation, including the possible relevance of many of the same documents and witnesses;

**WHEREAS**, LogMeIn and William R. Wagner, named defendants in the Derivative Litigation, are also named as defendants in the Securities Litigation, together with Edward K. Herdiech (the "Federal Securities Class Action Defendants");

**WHEREAS**, on December 8, 2019, an Order was entered appointing Larry Pollock and Robert Daub as Co-Lead Plaintiffs (D.E. 48) of the Securities Litigation;

**WHEREAS**, pursuant to a stipulation (D.E. 47) filed in the Securities Litigation on December 7, 2018, the Co-Lead Plaintiffs had 60 days from the date of the Court's order appointing them Co-Lead Plaintiffs to file an Amended Complaint;

**WHEREAS**, the parties in the Securities Litigation filed an Unopposed Motion for an Extension of Time to File said Amended Complaint from February 8, 2019 to March 1, 2019 (D.E. 51) and said Unopposed Motion was granted (D.E. 52);

**WHEREAS**, upon the filing of the Amended Complaint in the Securities Litigation, the Federal Securities Class Action Defendants anticipate filing a motion to dismiss for failure to state a claim;

**WHEREAS**, pursuant to the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u–4(b)(3)(B), "all discovery and other proceedings shall be stayed during the

pendency of any motion to dismiss" and, as result, until the Federal Securities Class Action

Defendants' anticipated motion to dismiss is decided, the Securities Litigation will be stayed;

**WHEREAS**, in order to ensure economy of time and effort for the Court, for counsel,

and for the litigants, Plaintiff and Defendants have agreed that, in light of the overlap between

the Derivative Litigation and the Securities Litigation, and in light of the stay of proceedings

which the Parties anticipate will commence by operation of law following the filing of a motion

to dismiss in the Securities Litigation, the Derivative Litigation should be voluntarily stayed on

the terms set forth below unless and until either (1) the Securities Litigation is dismissed, with

prejudice, by the Federal Court, and all appeals related thereto have been exhausted; or (2) the

motion to dismiss the Securities Litigation is denied, and the PSLRA stay dissolves as a matter

of law; or (3) either of the Parties to this Stipulation gives a ten (10) day written notice to all

other parties that they no longer consent to the voluntary stay of the Derivative Litigation.

**NOW THEREFORE**, it is hereby stipulated by and between the undersigned that:

1.     Counsel for Defendants have accepted service on behalf of William R. Wagner,

Michael K. Simon, Sara C. Andrews, Edwin J. Gillis, David J. Henshall, Michael J. Christenson,

Steven J. Benson, Ita Brennan, Robert M. Calderoni, and Peter J. Sacripant.

2.     Gainey McKenna & Egleston shall serve as Interim Lead Counsel for Plaintiff in

the Derivative Litigation.

3.     The Parties agree that unless otherwise ordered by the Court, the terms of this

Stipulation shall apply to shareholder derivative actions later instituted in, or transferred to, this

Court that involve similar or related claims, or that are otherwise deemed related to this

Derivative Action.  The Parties agree that when a shareholder derivative action that relates to this

Derivative Action is hereinafter filed in this Court or transferred to this Court, Interim Lead

Counsel for Plaintiff shall serve and file an endorsed copy of this Order upon attorneys for plaintiff in the newly-filed or transferred action.  The Parties agree that Interim Lead Counsel for Plaintiff shall also advise the attorneys for any plaintiff in any such newly-filed or transferred shareholder derivative action that those attorneys must serve a copy of this Order on any new defendant(s) and file proof of service of this pre-trial Order with the Court.  The Parties agree that any objections to consolidation or application of the other terms of this Order to the newly filed shareholder derivative case shall be filed with the Court promptly, with a copy served on Interim Lead Counsel for Plaintiff and counsel for Defendants.  Unless otherwise ordered by the Court, the Parties agree that the terms of all orders, rulings, and decisions shall apply to all later related shareholder derivative actions instituted herein.

4.      The Parties agree that if the plaintiff in any related derivative lawsuit refuses to agree to a stay under similar terms, Plaintiff may lift the agreed stay upon ten (10) days' notice in writing.

5.      The Parties agree that during the pendency of this stay, Defendants shall include Plaintiff in any mediation with the plaintiffs in the Securities Litigation and shall include Plaintiff in any mediation with any purported plaintiff in any related or similar derivative lawsuit or any other related or similar books and records demand proceeding.

6.      The Parties agree that notwithstanding this stay of this Derivative Action, Plaintiff may file an amended complaint and that this Stipulation does not impact any defenses that Defendants may have in this litigation, other than to the adequacy of service as outlined above.

7.      This Derivative Litigation shall be stayed, and no Case Management Order issued, upon the Court's so-ordering this Stipulation as an Order of the Court.

8.      In the event that Defendants agree to produce, or any of them are ordered to

produce by a court of competent jurisdiction, any documents relevant to the allegations in this case pursuant to a shareholder books and records request by any holder or beneficial owner of LogMeIn stock, or in the Securities Litigation or in any shareholder derivative litigation, copies of such documents shall be provided to Interim Lead Counsel for Plaintiff within ten (10) days, subject to the execution by Plaintiff of an appropriate confidentiality agreement governing the use and disclosure of these materials;

9.      Upon occurrence of any of (1) the dismissal of the Securities Litigation, with prejudice, by the Federal Court, and exhaustion of all appeals related thereto; or (2) the denial of any motion to dismiss the Securities Litigation filed by the Federal Securities Class Action Defendants; or (3) either of the Parties to this Stipulation has given a ten (10) day notice that they no longer consent to the voluntary stay of the Derivative Litigation, then the Parties shall notify the Court within fifteen (15) days after the occurrence of any of the events above and confer in good faith about appropriate next steps in this case..

Dated: February 21, 2019

**SMOOT LAW OFFICE, P.C.**

By: */s/ Steven F. Smoot*_____
Steven F. Smoot (BBO Number 543799)
P.O. Box 120-245
Boston, MA 02112-0245
Telephone: (617) 345-9600
Facsimile: (617) 507-8383
Email: smoot@smootlaw.com

**GAINEY McKENNA & EGESTON**
Thomas J. McKenna
Gregory M. Egleston
440 Park Avenue South, 5th Floor
New York, New York 10016
Phone: (212) 983-1300

**LATHAM AND WATKINS LLP**

By:  */s/ William J. Trach*_____
William J. Trach, Bar No. 661401
200 Clarendon Street
Boston, MA  02116
Telephone:  (617) 948-6000
Facsimile:  (617) 948-6001
william.trach@lw.com

Jeff Hammel (*pro hac vice*)
885 Third Avenue
New York, NY 10022-4834
Telephone:  (212) 906-1200
Facsimile:  (212) 751-4864
jeff.hammel@lw.com

Fax: (212) 983-0383
Email: tjmckenna@gme-law.com
Email: gegleston@gme-aw.com

***Counsel for Plaintiff***

Brian T. Glennon
355 South Grand Avenue Suite 100
Los Angeles , CA  90071-1560
Tel: 213-485-1234
Fax: 213-891-8763
Email: Brian.Glennon@lw.com

***Attorneys for Defendants***

SO ORDERED:

_____
Judge Allison D. Burroughs