UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KURT SCHLAGEL, Derivatively on Behalf of LOGMEIN, INC., <br><br> Plaintiff, <br><br> v. <br><br> WILLIAM R. WAGNER, MICHAEL K SIMON, SARA C. ANDREWS, EDWIN J. GILLIS, DAVID J. HENSHALL, MICHAEL J. CHRISTENSON, STEVEN J. BENSON, ITA BRENNAN, ROBERT M. CALDERONI, and PETER J. SACRIPANTI, <br><br> Defendants, <br><br> and <br><br> LOGMEIN, INC., <br><br> Nominal Defendant. | Case No. 1:19-cv-10204-ADB |

**JOINT STIPULATION AND [PROPOSED] ORDER OF DISMISSAL**

Plaintiff Kurt Schlagel ("Plaintiff"), derivatively and on behalf of LogMeIn, Inc. ("LogMeIn" or "Nominal Defendant"), and defendants William R. Wagner, Michael K. Simon, Sara C. Andrews, Edwin J. Gillis, David J. Henshall, Michael J. Christenson, Steven J. Benson, Ita Brennan, Robert M. Calderoni, Peter J. Sacripanti (collectively, the "Individual Defendants," and together with the Nominal Defendant, "Defendants") (collectively, the "Parties") have conferred, through counsel, and agree to jointly submit this Stipulation to voluntarily dismiss the above-captioned action (the "Action") pursuant to Rules 23.1(c) and 41(a) of the Federal Rules of Civil Procedure, with prejudice, and in support thereof state as follows:

**WHEREAS**, on January 30, 2019, Plaintiff filed this Action in the right, and for the benefit, of LogMeIn against Defendants;

**WHEREAS**, on February 21, 2019 the parties stipulated to stay this Action pending resolution of the related putative securities class action captioned *Benjamin Wasson v. LogMeIn, Inc., et al.*, Case No.: 1:18-cv-12330 (the "Securities Litigation") (*see* Dkt. No. 16);

**WHEREAS**, on March 18, 2021, Judge Allison D. Burroughs of the United States District Court for the District of Massachusetts dismissed the Securities Litigation with prejudice;

**WHEREAS**, on August 31, 2020, LogMeIn announced the completion of its sale to affiliates of Francisco Partners and Evergreen Coast Capital, by which LogMeIn ceased to be a public company (the "Merger");

**WHEREAS**, Plaintiff is no longer a stockholder of LogMeIn after the closing of the Merger, and therefore lacks standing to proceed with the Action because it asserts only derivative claims;

**WHEREAS**, Federal Rule of Civil Procedure 23.1(c) provides that "[n]otice of a proposed settlement, voluntary dismissal, or compromise must be given to shareholders or members in the manner that the court orders," but "it is clear that when the dismissal … results from a jurisdictional defect, or is ordered because the claim has become moot, the notice requirement of the rule is not applicable," Wright & Miller, 7C FEDERAL PRACTICE AND PROCEDURE CIV. § 1839 (3d ed.); *see also Weiss v. SCM Corp.*, 1986 WL 7782, at *1-*2 (S.D.N.Y. July 9, 1986) (where stockholder plaintiffs lost standing to bring derivative claims as a result of a transaction, "no notice of dismissal is required"); *BTZ, Inc. v. National Intergroup, Inc.*, 1993 WL 133211, at *4 (Del. Ch. Apr. 7, 1993) ("no notice to the class or the shareholders is necessary" where derivative and class action claims were dismissed for mootness); *Bushansky v. Armacost*, 2014 WL 2905143, at *2 (N.D. Cal.

June 25, 2014) (recognizing courts may exercise their discretion to "dispense with the notice requirement [of Rule 23.1(c)] . . . when a claim is dismissed because it has become moot") (citation omitted); *In re AmTrust Financial Services, Inc. Derivative Litigation*, No. 1:17-cv-00553-MN, Dkt. No. 92 (D. Del. Feb. 14, 2019) (granting voluntary dismissal of a derivative claim without notice);

**WHEREAS**, no compensation in any form has passed directly or indirectly from any of the Defendants to Plaintiffs or Plaintiffs' attorneys and no promise to give any such compensation has been made;

**NOW THEREFORE**, it is hereby stipulated by and between the undersigned, on this 19th day of April, 2021, subject to the approval of the Court, that the Action shall be dismissed with prejudice.

| | |
|---|---|
| Respectfully submitted, | Respectfully submitted, |
| SMOOT LAW OFFICE, P.C. | LATHAM & WATKINS LLP |
| /s/ Steven F. Smoot | /s/ William J. Trach |
| Steven F. Smoot (BBO Number 543799) | William J. Trach (BBO # 661401) |
| P.O. Box 120-245 | LATHAM & WATKINS LLP |
| Boston, MA 02112-0245 | 200 Clarendon Street |
| (617) 345- 9600 | Boston, Massachusetts 02116 |
| smoot@smootlaw.com | (617) 948-6000 |
| | william.trach@lw.com |
| GAINEY McKENNA & EGLESTON | Jeff Hammel (*pro hac vice*) |
| Thomas J. McKenna | LATHAM & WATKINS LLP |
| Gregory M. Egleston | 885 Third Avenue |
| 501 Fifth Avenue, 19th Floor | New York, NY 10022 |
| New York, New York 10017 | (212) 906-1200 |
| (212) 983-1300 | jeff.hammel@lw.com |
| tjmckenna@gme-law.com | |
| gegleston@gme-law.com | Brian T. Glennon (*pro hac vice*) |
| | LATHAM & WATKINS LLP |
| *Counsel for Plaintiff* | 355 South Grand Avenue, Suite 100 |
| | Los Angeles, CA 90071 |
| | (213) 485-1234 |
| | brian.glennon@lw.com |
| | *Counsel for Defendants and Nominal Defendant* |

***

**PURSUANT TO STIPULATION, IT IS SO ORDERED** that this matter is hereby dismissed with prejudice, with each side to bear their own costs.  The Clerk of the Court is hereby ordered to enter this dismissal on the docket and to mark this matter as CLOSED.

Dated:  4/20/2020

_____
Hon. Allison D. Burroughs
U.S. District Judge

**CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the CM/ECF system will be sent electronically to all registered participants as identified on the Notice of Electronic Filing, and paper copies will be sent to those identified as non-registered participants on this 19th day of April, 2021.

*/s/ William J. Trach*
William J. Trach
